Filed 2/28/25  P. v. Luna CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D084066 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD233639) |
| MICHAEL LUNA, | |
| Defendant and Appellant. | |


APPEAL from an order of the Superior Court of San Diego County, John G. Pro, Judge.  Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.


Michael Luna appeals from an order denying his petition seeking a discretionary expungement and to reduce his felony conviction to a misdemeanor.  His appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*).  We notified Luna of his right to file a supplemental brief, and he

has not done so. Based on our independent review of the record, we find no reasonably arguable appellate issues and affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND

On April 16, 2011, officers conducted a traffic stop of a vehicle registered to Luna. Luna was the passenger in the vehicle and another man was driving. During a search of the vehicle, officers found a shotgun, a handgun, a collapsible baton, and ammunition. A records check revealed that Luna had a valid restraining order against him stating that he was not to own or possess any firearms except in the course of his duties with the military. However, Luna had been discharged from the army two weeks before the traffic stop.

On April 29, 2011, Luna pled guilty to unlawful possession of a firearm (Pen. Code, § 12021, subd. (c)(1)) (all further statutory references are to the Penal Code). On May 31, the trial court granted Luna three years of formal probation with the condition he serve 180 days in custody, which was stayed pending successful completion of probation.

On July 29, 2011, Luna was arrested and his probation was revoked and reinstated. He was sentenced to 180 days in custody and released on October 29. On November 2, Luna was again arrested for probation violations. On July 30, 2013, his probation was revoked and was later reinstated and set to expire on May 30, 2016. However, on May 12, 2016, Luna was rearrested for probation violations.

On February 21, 2024, Luna filed a petition for dismissal under section 1203.4 and for a reduction of his felony conviction to a misdemeanor under section 17, subdivision (b)(3). In the attached declaration, Luna explained the requested relief would allow him to pursue a career in paralegal studies and criminal justice. He also stated he had completed

Veterans Treatment Court and was in recovery for alcohol and substance abuse.

The People opposed the reduction of Luna's felony conviction to a misdemeanor, citing his conduct in the current case and prior criminal history. The People also asserted Luna had not shown he was entitled to any discretionary relief under section 1203.4, subdivision (c). The People acknowledged that Luna's completion of Veteran's Treatment Court was "a step in the right direction," but asserted he needed to demonstrate long-term sobriety and more time without any contact with law enforcement.

At the hearing on April 23, 2024, the trial court denied Luna's petition for reduction and expungement. The court noted that Luna's felony conviction involved possession of a shotgun, a handgun, ammunition, and an expandable baton. The court also noted Luna's subsequent criminal violations.

## DISCUSSION

Luna's appellate counsel has filed a brief pursuant to *Wende, supra*, 25 Cal.3d 436 and *Anders, supra*, 386 U.S. 738, setting forth a statement of the case and statement of facts, urging no grounds for reversal, and asking this court to independently review the record for error. Counsel identified the following issues pursuant to *Anders* to assist us in conducting our independent review of the record:

(1) Whether the trial court properly denied Luna's petition to reduce his felony conviction to a misdemeanor under section 17, subdivision (b)(3); and

(2) Whether the trial court properly denied Luna's petition for expungement under section 1203.4.

3

Our review of the record as mandated by *Wende* and *Anders* has disclosed no reasonably arguable appellate issues for reversal.  Competent counsel has represented Luna in this appeal.

DISPOSITION

The order is affirmed.


DO, Acting P. J.

WE CONCUR:


BUCHANAN, J.


CASTILLO, J.

4